moved our second argument of the morning it's an appeal number 23 1164 the United States versus Jason Gonzalez okay miss Frater good morning Kim Frater for appellant Jason Gonzalez if I could reserve three minutes for sure may it please the court counsel I'm here for mr. Jason Gonzalez appealing sufficiency of the evidence from a conviction of attempted enticement of a minor at trial the government presented evidence primarily through a series of recorded chats on an app called grinder between mr. Gonzalez and agents of the government who are posing as a 15 year old boy the chats in question go back and forth for a period of a week and I believe that Mr. Gonzalez is familiar with the attempted enticement cases in front of it within the last two years and is well familiar with the standards for attempted enticement under 18 USC 2 4 2 2 B wherein the government must show in these cases become very fact-specific the government must show and must prove that mr. Gonzalez made a substantial step toward the commission of the crime of attempted enticement of a minor such that had he completed the act of whatever the underlying offense would be in this case it would be a sex offense a felony sex offense under this writer you are not disputing that your client knew the person posing as Jake was under 18 correct we are not in the text messages or the app messages it was clear that the agent conveyed that the age was 18 minus 3 which would be 15 the agent testified that had he written age 15 or anything relative to 15 it would be his expectation that the grinder app would discontinue the account or kick them off the account to their screening software and so we're not contesting that that in this case mr. Gonzalez was aware that the agent who was posing to be a minor had had stated that their age was 15 and mr. Gonzalez testified in this case and he testified to that fact as well that he believed that the person that he was speaking with was 15 in the end I think you would agree the text messages showed that they set up this meeting and that your client was on the way to meet Jake who he thought was 15 correct the the evidence shows that he was on his way to meet Jake and you agree that going to meet Jake and being on the way to meet Jake as a substantial step and is it just your argument that he changed his mind that takes that away the more than just going there the the enticement has to be there the purpose has to be to get the minor into a sexual experience and it's in more in this case than he just changed his mind on the day of the event if you look at the entirety of the text messages the first week of the text messages start off talking about sex and having having friends with benefits and having those kind of things but over the course of the text messages over the week that went by between the initial contact and the the ultimate meeting date the content of the text messages changed and it was talking more about things like the weather being friends going to dinner and that the text messages initially right before the meeting where the agent is saying do you still want to have sex don't make this a waste of my time Mr. Gonzalez is stating things like we'll see we're just going to have conclude that that was grooming behavior so the government cites to a case regarding grooming there wasn't sufficient testimony as to what a psychologist might consider grooming but generally grooming is an attempt wherein you you bring up the benign things first let's have dinner let's do this and then you're going to bring the sex on at the end so why couldn't a jury though look at the mentality of the communications and not conclude that it was clear that Mr. Gonzalez was trying to win over we thought was a 15 year old child's confidence and then after doing so was going to engage in sexual activity I mean how does the train how does the transcript preclude that conclusion as a as a as a matter of the as a matter of law rather than how the jury necessarily would feel about something in these cases where you put on agents and they testify and it's involving sex and it's involving a minor the jury may think and conclude all kinds of things based on this but this is sufficiency as a matter of law and the evidence in terms of what the text messages show coupled with Mr. Gonzalez's testimony show that by the time that the event occurred not a week prior when the first communication happened but by the time that the meeting occurred there had been any abandonment of any intent of you know one of the problem one of the I think one of the very difficult cards that he's dealt you here is his post arrest statement in his post arrest statement he waived his rights he agreed to speak to the authorities and he admitted that he traveled intending to have a sexual encounter with who he thought was Jake that's that's moments that that's right after he's he stopped and apprehended and he reiterates a flavor of that when he testifies as well and in the context of the entirety of the statement though that the court could hear Mr. Gonzalez cries during the duration of the statement he cried throughout the trial he cried throughout his testimony and that the order in which he's making the statements both while he was testifying and while he's speaking to the police or in the context of folks telling them isn't it true this and isn't it true that when when asked differently though like on direct examination or when viewed in the context of the text messages what he actually wrote and what he actually said isn't that jury argument he the officers testified that he admitted to them that he came there to have sex with somebody he thought was Jake and under 15 years old he also having jury argument now why the jury might view that differently but at this stage we view the light in the in most favorable to the government he also stated within those statements that he wasn't going to and that he he said both things it wasn't just one thing does that matter for jury argument again he admitted if he told conflicting stories the jury is entitled to weigh that and make a determination the jury is entitled to weigh that under the legal standard in terms of what constituted a substantial step toward getting this person regardless of of what conflicting statements he may have said when he was testifying or that he may have made to the police that the text messages and the content of those text I don't think I can get away from the statements that were made at the trial when asked you picked up your keys yes you intentionally drove to the dollar general yes you wanted him to come with you yes and you wanted to have sex with him yes why would the jury not be under the law able to take those admissions and for that of what Mr. Gonzalez's intent was so as the government points out in their brief the crime isn't going to have sex with the minor the crime is the enticement portion of the event mine is the substantial step right and it's it's during the course of the text messages with the minor that he doesn't make the substantial step toward the enticement thank you gonna reserve some time yes okay very well Mr. Bloodworth good morning good morning your honors Casey Bloodworth on behalf of the United States your honors have identified the difficulty in Mr. Gonzalez's arguments to this court which are limited to whether he performed an act which would constitute a substantial step toward the Commission of the offense and as this court well knows the standard that applies here is that this court will reverse a conviction only when the record shows that there's no evidence regardless of how it's weighed when viewed in light most favorable to the government a reasonable jury could find beyond a reasonable doubt that Mr. Gonzalez did in fact commit a substantial step your honors identified basically the theme of the conversations that occurred on a grinder but between Mr. Gonzalez and the undercover agent and it was that of relationship building with components of intense sexual interest gratification and acts that Mr. Gonzalez indicated he wanted to perform with this minor is withdrawal then a defense to substantial step your honor I think that argument kind of is countered by the long-standing principles regarding attempt cases that impossibility is not a defense withdraw potentially could be but there's certainly no evidence in this case that Mr. Gonzalez withdrew from the conduct so directing you back to my question the answer is yes it could be yes I think directing you back to my question on the withdrawal what you're the argument that you're making is that there is no evidence however of a withdrawal correct and can you articulate that for me yes certainly I think the the largest piece of evidence that exists in this case is mr. Gonzalez's post arrest statement and his testimony during trial that his clear intention and traveling to meet this minor was to engage in sexual intercourse with him and can in I think when you put that in context of what was occurring while he was essentially on his way there the conversation existed of what are we going to do we're going to drive to Paducah to another state because I can't get a hotel room he offered many many times to procure a hotel room for this minor we're going to drive to a different state because I can't get a hotel room here we're going to have dinner and talk and get to know each other and I think that goes right line with judge Scudder's comments of grooming and relationship building being persuasion and gaining the assent of this minor to engage in sexual activity and then when he testifies at trial he fully admits that he grabbed his car keys he drove to the meeting location that was arranged several times by mr. Gonzalez in order to pick up Jake and he wanted Jake to go with him and he wanted to engage in sexual intercourse with him so there's certainly no evidence I would argue that exists in this record it would be his own testimony right that's some evidence that you're but the jury would have to certainly your honor I'll stand corrected on that in this post arrest statement and I believe in some of his trial testimony he indicated that he's essentially getting cold feet right and I think that argument has been addressed by this court in Gladysh and in this whole concept of travel being a substantial step goes as far back in this court's precedent with Gladysh and as recently as your but that's certainly evidence of a substantial step and for this court to reverse the conviction you would have to find essentially that there's no evidence in the record to do so the case might be harder right if he if he had driven 10 minutes and said there's absolutely no way I'm doing this and he turned around and went back home and called it off but he didn't do that he showed up at an agreed-upon location and I don't have any doubt that he deeply regretted his conduct after the moment he was arrested I mean he put his put his head on the steering wheel and immediately started crying certainly that problem is he's in the he's in the parking lot where he agreed to meet the boy that that's correct and and I would argue even if he would have said you drove out that would certainly be some evidence of a withdrawal but at the stage that we're at now that is a jury question and a jury could fully weigh that evidence that didn't occur in this case and I think there was ample evidence for this jury to convict mr. Gonzalez and unless the court has any other questions I would be happy to entertain him short of that the government would rest on its brief and ask the court to affirm thank you mr. so to pick up with where the court left off regarding withdrawal what was in mr. Gonzalez's heart and mind when he's at the location is irrelevant toward the attempted enticement portion of the events where he has to attempt to entice the minor before he gets there that the conversations in the words and language that he uses before he gets to the meat location have to attempt to entice has to has to entice a minor into having sex with him which those conversations happened a week before this the actual meat date that the conversations over the very first initial conversations and you direct us in your limited time what evidence do you have on the record that there was withdrawal we have we have substantial evidence that they're like you articulated the week before what evidence do you have of a withdrawal before he leaves before mr. Gonzalez leaves to head to the meat location that the evidence would be the conversations that he had during the week you meet after the first conversations that he has about the sex right the rest of the conversations are benign they're about talking about being friends about how start with the benign things first and then you lead into sex as mr. Gonzalez testified in Agent Hart also talked about this a little bit this grinder app which is for adults is a hookup site that to get attention or connection on that you put the sex on the front end that the conversations after he was 15 as you went down the road didn't involve sex anymore and and that's the evidence that there was no attempt to entice mr. Frazier thanks to you what were thanks to you again we'll take the appeal under advisement we'll move to our third argument of the morning